# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**JAMES K. BREDAR**
UNITED STATES MAGISTRATE JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

November 16, 2010

Mary Blackwell
206 Diener Place, Apt. 204
Baltimore, MD 21229

Alex S. Gordon, Esquire
Allen F. Loucks, Esquire
Office of the United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, MD 21201

Subject: *Mary Blackwell v. Michael J. Astrue, Comm'r of Social Security*
Civil Action No.: JKB-09-3104

Dear Ms. Blackwell and Counsel:

On November 17, 2009, the Plaintiff, Ms. Mary Blackwell, *pro se*, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Paper No. 1.) I have considered Defendant's motion for summary judgment (Paper No. 21), to which Plaintiff filed no opposition. I find that no hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I am affirming the agency's decision, and I am writing this letter to explain my rationale.

The Appeals Council denied Ms. Blackwell's request for review (Tr. 1-5), so the decision of the Administrative Law Judge ("ALJ") is the final, reviewable decision of the agency. In his written decision, the ALJ found that Plaintiff had acquired sufficient quarters of coverage to remain insured through March 31, 2010. (Tr. 10.) Ms. Blackwell's benefits applications in July 2007 were based upon her claim of disability due to a disc injury in her back. (Tr. 152.) Her alleged onset date of disability was January 28, 2005. (*Id.*)

The ALJ determined that Plaintiff had the following severe impairments: status post cervical discectomy and cervical fusion, cervical spondylosis, cervical degenerative disc disease, and diabetes mellitus. (Tr. 12.) After comparing the record evidence of her impairments to the requirements of the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 ("LOI"), specifically, LOI 1.04 for disorders of the spine and LOI 9.08 for diabetes, he determined that she did not satisfy the requirements. (Tr. 13-14.) She was found to have the residual functional capacity ("RFC") to perform sedentary work, but she was not to climb ladders, ropes, or scaffolds at all, and she could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; further, she must avoid concentrated exposure to hazards such as heights and machinery; finally, she requires a sit/stand option and cannot sit for more than one hour at a time

or stand for more than one hour at a time. (Tr. 14.) The ALJ found that Plaintiff's description of the extent of her symptoms and their intensity, persistence, and limiting effects were not fully credible in light of the objective findings in the record. (*Id.*)

The ALJ determined that Plaintiff was unable to perform her past relevant work as a retail floor assistant/stocker and group home care worker because of exertional demands. (Tr. 17.) The ALJ further concluded that she was unable to perform the full range of sedentary work. (Tr. 18.) At the administrative hearing, the vocational expert testified that someone with Plaintiff's abilities and limitations could work as either a supply clerk, a ticket seller, or an information clerk and that such jobs were available in significant numbers in the national and regional economy. (Tr. 42.) Accordingly, the ALJ ruled that Ms. Blackwell was not under a disability from January 28, 2005, through the date of his decision. (Tr. 18-19.)

Plaintiff raised no particular issues in her *pro se* complaint, asserting only that the ALJ's decision was erroneous as a matter of fact and a matter of law. (Compl., ECF No. 1 at 1.) The undersigned has reviewed the entire record and has found that each of the points of decision in the ALJ's opinion is supported by substantial evidence and evaluated according to governing legal standards. One of these points of decision is whether Plaintiff had other severe impairments. The ALJ noted that Ms. Blackwell's hypertension is under good control, that her use of a cane is not prescribed, that no medical evidence exists to support a leg impairment other than mild weakness in her left leg, and that her claim of an impairment relating to her back is not based on medical documentation. (Tr. 13.) Another point of decision is whether her impairments meet or equal the LOI. The ALJ's decision addressed the specific requirements of the applicable listings and reasonably found that Plaintiff's musculoskeletal conditions and diabetes did not satisfy the listings. (Tr. 13-14.) The ALJ's RFC for Ms. Blackwell is also supported by the record. The RFC was based upon the ALJ's detailed review of the medical evidence and a physical RFC by two state medical consultants (Tr. 220-36). The ALJ set forth a more restrictive RFC than the two consultants based upon documentation of Ms. Blackwell's medical history. (Tr. 17.) Because the vocational expert indicated that jobs that Ms. Blackwell could perform during the relevant time period were available in significant numbers in the economy, the ALJ was correct in concluding that Plaintiff was not disabled.

For the foregoing reasons, the Court will enter a separate order AFFIRMING the agency's decision and GRANTING Defendant's Motion for Summary Judgment.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed accordingly.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/jh